IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BARBARA ANN NESBIT,<br><br>           Plaintiff,<br><br>vs.<br><br>NE/HEALTH AND HUMAN SERVICES DEPARTMENT, and JOSEPH WILSON, EEOC,<br><br>           Defendants. | 8:19CV72<br><br>ORDER TO<br>SHOW CAUSE |

This matter is before the Court *sua sponte* after review of the docket and Plaintiff's pleadings. Plaintiff filed her Complaint (Filing No. 1) on February 13, 2019, and an Amended Complaint (Filing No. 5) on February 14, 2019.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citing *Philbrook v. Glodgett*, 421 U.S. 707 (1975)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "[C]onclusory allegations do not provide an adequate basis for determining this court's jurisdiction." *Jil McCorkindale v. Am. Home Assurance Co./A.I.C.*, 909 F. Supp. 646, 656 (N.D. Iowa 1995).

A district court can attain subject-matter jurisdiction under federal question or diversity jurisdiction. See 28 U.S.C. §§ 1331-32. A district court's federal question jurisdiction extends to "all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a). "[P]ro se complaints are to be construed liberally[.]" *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006). Construing the plaintiff's Amended Complaint liberally, the Court finds that it fails to show any manner in which this court could find

a basis for jurisdiction based on either diversity of citizenship or a federal question arising under the Constitution, law, or treaties of the United States. *See* 28 U.S.C. §§ 1331-32.

First, although the plaintiff alleges the defendants owe her a sum of money and invokes this court's diversity jurisdiction, the face of her Amended Complaint demonstrates that the requirements for diversity jurisdiction do not exist. The plaintiff claims she is owed $55,844.80 for work she completed as an Accounting Clerk II, alleging that she was paid at a lower hourly rate than the rate paid to Accounting Clerk I's, who have less seniority and fewer responsibilities. The plaintiff's claim for $55,844.80 is well below the $75,000 threshold required for diversity jurisdiction. (Filing No. 5 at pp. 4, 10); see U.S.C. § 1332(a) (requiring the amount in controversy to exceed $75,000). Further, the Amended Complaint and the summons show that both the plaintiff and at least one named defendant are Nebraska residents. (Filing No. 5; Filing No. 2); see *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."). Accordingly, diversity jurisdiction does not exist.

Additionally, no federal cause of action or basis for federal court jurisdiction is apparent from the Amended Complaint. The plaintiff attached documents to her Amended Complaint showing she filed a Charge of Discrimination on May 4, 2018, with the Nebraska Equal Opportunity Commission, and May 9, 2018, with the EEOC, alleging discrimination on the basis of her race and age, and retaliation for filing a previous charge of discrimination. (Filing No. 5 at p. 20). Neither the NEOC or EEOC right-to-sue letters regarding the plaintiff's charges are before the court.[1] It appears that the plaintiff and the NEOC attempted to negotiate a pre-determination settlement of the plaintiff's claims, see Filing No. 5 at pp. 8-19, and it is the plaintiff's counter-offer of $55,844.80 that she seeks to recover in this action. (Filing No. 5 at pp. 5,10). The plaintiff's Amended Complaint does not appear to raise claims for discrimination under Nebraska state law or under Title VII arising out of her NEOC and EEOC charges, but rather is a claim based on the pre-determination settlement agreement. At this time, liberally construing the plaintiff's Amended Complaint, she does not state any claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331. Accordingly, the plaintiff shall have an

---

[1] A civil complaint based on a charge of discrimination must be filed within 90-days of receipt of the right-to-sue notice. See 42 U.S.C. § 2000e-5(f)(1); Neb. Rev. Stat. § 48–1120.01; *Hohn v. BNSF Ry. Co.*, 707 F.3d 995, 1000 (8th Cir. 2013).

2

opportunity to show cause why this matter should not be summarily dismissed for lack of subject matter jurisdiction.

**IT IS ORDERED:** Plaintiff shall have to **May 6, 2019**, to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Dated this 17th day of April, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge