IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BARBARA ANN NESBIT,<br><br>        Plaintiff,<br><br>vs.<br><br>NE/HEALTH AND HUMAN SERVICES DEPARTMENT, and JOSEPH WILSON, EEOC,<br><br>        Defendants. | 8:19CV72<br><br>FINDINGS AND RECOMMENDATION |

      This matter is before the Court after review of the docket and Plaintiff's Response (Filing No. 12) to the Court's Order to Show Cause (Filing No. 11). Having reviewed Plaintiff's pleadings and Response, the undersigned magistrate judge will recommend that this case be dismissed.

      Plaintiff filed a Complaint (Filing No. 1) on February 13, 2019, and an Amended Complaint (Filing No. 5) on February 14, 2019, against her former employer, the Nebraska Department of Health and Human Services, and against Joseph Wilson of the Equal Employment Opportunity Commission. Plaintiff also filed "supplemental" documents on February 27 and March 11, 2019. (Filing Nos. 7, 10). Based on the Court's review of Plaintiff's pleadings, it did not appear that the Court has subject matter jurisdiction over her claims and ordered her to show cause why this case should not be dismissed. (Filing No. 11). Specifically, the Court found that, although Plaintiff alleged diversity of citizenship under 28 U.S.C. § 1332 as a basis for the Court's jurisdiction, it was apparent from the face of her Amended Complaint that the amount in controversy was less than $75,000 and the parties were not diverse. The Court also found that no federal cause of action or basis for federal court jurisdiction was apparent from the Amended Complaint. (Filing No. 11).

      In response to the Court's show cause order, Plaintiff filed several documents generally pertaining to pay rates for other accounting clerks and a summary of a "rebuttal interview" conducted by an NEOC investigator on August 27, 2018, with Plaintiff's handwritten notes. See Filing No. 12. Plaintiff's response to the show cause order does not cure the Court's previously identified deficiencies regarding subject matter jurisdiction. Plaintiff's Amended Complaint does not raise claims for discrimination under Title VII arising out of her EEOC charges, but rather is a claim based on the pre-determination settlement agreement she attempted to negotiate.

Construing the plaintiff's Amended Complaint liberally, the Court finds that it fails to show any manner in which this court could find a basis for jurisdiction based on either diversity of citizenship or a federal question arising under the Constitution, law, or treaties of the United States. *See* 28 U.S.C. §§ 1331-32; see *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990)("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts."). Rule 12(h)(3) of the Federal Rules of Civil Procedure requires a court to dismiss an action if at any time it determines that it lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). Accordingly,

**IT IS HEREBY RECOMMENDED** to the Honorable John M. Gerrard, Chief United States District Court Judge, that this case be dismissed for lack of subject matter jurisdiction.

Dated this 30th day of July, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**
A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.